# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

## BLUEFIELD DIVISION

| | |
|---|---|
| **TYNISHA MARTIN KADIRI,** ) | |
| ) | |
| Petitioner, ) | |
| ) | **CIVIL ACTION NO. 1:20-00626** |
| v. ) | |
| ) | |
| **M.E. REHERMAN, Warden,** ) | |
| ) | |
| Respondent. ) | |

## PROPOSED FINDINGS AND RECOMMENDATION

Pending before the Court is Respondent's "Motion to Dismiss" (Document No. 11), filed on September 22, 2021. The Court notified Petitioner pursuant to Roseboro v. Garrison, 528 F.2d 304 (4th Cir. 1975), that Petitioner had the right to file a response to Respondent's Motion and submit Affidavit(s) or statements and/or other legal or factual material supporting her claims as they are challenged by the Respondent in moving to dismiss. (Document No. 12.) Petitioner, however, failed to file a response. Having examined the record and considered the applicable law, the undersigned has concluded that Respondent's "Motion to Dismiss" (Document No. 11) should be granted.

## PROCEDURAL HISTORY

On September 23, 2020, Petitioner, acting *pro se*,[1] filed her Petition Under 28 U.S.C. § 2241 for Writ of Habeas Corpus by a Person in State or Federal Custody. (Document No. 1.) Petitioner requests compassionate release pursuant to the First Step Act of 2018 based upon

---

[1] Because Petitioner is acting *pro se*, the documents which she has filed in this case are held to a less stringent standard than if they were prepared by a lawyer, and therefore they are construed liberally. *See Haines v. Kerner*, 404 U.S. 519, 520-21, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972).

"extraordinary and compelling" circumstance. (Id.) Petitioner alleges she suffers from obesity and "severe iron deficiency anemia." (Id.) Petitioner alleges that her above medical conditions subjects her to vulnerability to COVID-19. (Id.) Petitioner further explains that due to overcrowded dormitories, inmates are unable to properly socially distance. (Id.) Finally, Petitioner argues that she is not a danger to the community. (Id.) As relief, Petitioner requests a reduction of her sentence to time served and her immediate release from custody.[2] (Id.)

By Order entered on September 25, 2020, the Court ordered that Respondent file an Answer to the allegations contained in the Petitioner's Petition and show cause, if any, why the Writ of *Habeas Corpus* sought by the Petitioner in this case should not be granted. (Document No. 5.) On October 14, 2020, Respondent filed his Response to the Order to Show Cause. (Document No. 8.) Respondent argues that Petitioner's Petition should be denied based on the following: (1) Petitioner failed to exhaust her administrative remedies (Id., p. 7.); and (2) Petitioner's request to

---

[2] A request for compassionate release is properly filed pursuant to 18 U.S.C. § 3582 in the sentencing court. *See* 18 U.S.C. 3582(c)(1)(A); *also see Young v. Warden of FCI Williamsburg*, 2020 WL 4195166, * 4 (D.S.C. May 27, 2020), *report and recommendation adopted by*, 2020 WL 4194629 (S.D.W.Va. July 21, 2020)(This Court "has no authority under the First Step Act to consider a request for compassionate release since Petitioner was not sentenced in this Court. Only a sentencing court can allow a sentence reduction/compassionate release under 18 U.S.C. § 3582(c)(1)(A)(i), which means that the process must be undertaken in the district court where the prisoner was sentenced."); *Bart v. Reherman*, 2020 WL 3421774, * 6 (S.D.W.Va. April 8, 2020), *report and recommendation adopted by*, 2020 WL 3421481 (S.D.W.Va. June 22, 2020)(stating that "[c]ourts in this Circuit and elsewhere have consistently found that a § 2241 petition is not the appropriate mechanism by which to raise a request for compassionate release under § 3582, as such a request must instead be brought in the sentencing court.")(collecting cases); *Deffenbaugh v. Sullivan*, 2019 WL 1779573, * 2 (E.D.N.C. April 23, 2019)("If petitioner now seeks to file his own motion for compassionate release, such a motion must be filed in the sentencing court."); *Robinson v. Wilson*, 2017 WL 5586981, * 5 (S.D.W.Va. Sept. 26, 2017), *report and recommendation adopted by*, 2017 WL 5586272 (S.D.W.Va. Nov. 20, 2017)("Like a § 2255 Motion, a § 3582 motion must be filed in the movant's underlying criminal action and addressed by the sentencing court."). Clearly, Petitioner was sentenced in the United States District Court for the District of Maryland. (Document No. 1, p. 1.) Accordingly, the undersigned additionally finds that this Court is without jurisdiction to consider Petitioner's motion for a reduced sentence or compassionate release pursuant to the First Step Act.

have her sentence reduced to time served must be brought in her sentencing jurisdiction (Id., pp. 8 – 9.). As Exhibits, Respondent attaches the following: (1) The Declaration of Destiny Spearen (Document No. 8-1, pp. 2 – 3.); (2) A copy of Petitioner's "Sentence Monitoring Computation Data As Of 09-29-2020" (Id., pp. 5 – 6.); (3) A copy of Program Statement 5050.50 (Id., pp. 8 – 25.); (4) A copy of Petitioner's Compassionate Release Request (Id., pp. 27 – 29.); (5) A copy of Warden's denial of Petitioner's Compassionate Release Request (Id., p. 31.); and (6) A copy of Petitioner's "Administrative Remedy Generalized Retrieval" (Id., pp. 33 – 36.). By Order and Notice entered on October 15, 2020, the undersigned notified Petitioner of her right to file a Reply to Respondent's Response. (Document No. 9.) On October 26, 2020, Petitioner filed her Reply. (Document No. 10.)

On September 22, 2021, Respondent filed a "Motion to Dismiss." (Document No. 11.) Specifically, Respondent requests that Petitioner's Petition be dismissed as moot based upon her release from BOP custody. (Id.) As Exhibits, Respondent attaches the following: (1) The Declaration of Destiny Spearen (Document No. 11-1, p. 2.); and (2) A copy of Petitioner's Inmate History (Id., p. 4.). By Order and Notice entered on September 23, 2021, the undersigned notified Petitioner of her right to file a Response to Respondent's "Motion to Dismiss." (Document No. 12.) Petitioner, however, failed to file a Response.

## **ANALYSIS**

The undersigned finds that Petitioner's Section 2241 Petition must be dismissed as moot. Article III, Section 2 of the United States Constitution provides that federal Courts may adjudicate only live cases or controversies. See Lewis v. Continental Bank Corp., 494 U.S. 472, 477, 110 S.Ct. 1249, 1253, 108 L.Ed.2d 400 (1990); Nakell v. Attorney General of North Carolina, 15 F.3d

319, 322 (4th Cir.), cert. denied, 513 U.S. 866, 115 S.Ct. 184, 130 L.Ed.2d 118 (1994). This means that the "litigant must have suffered, or be threatened with, an actual injury traceable to the defendant and likely to be redressed by a favorable judicial decision." Id. In the context of a *habeas corpus* proceeding, the writ "does not act upon the prisoner who seeks relief, but upon the person who holds him in what is alleged to be unlawful custody." Braden v. 30th Judicial Circuit Court of Kentucky, 410 U.S. 484, 494-95, 93 S.Ct. 1123, 1129, 35 L.Ed.2d 443 (1973). In this case, by virtue of Petitioner's release from custody, the Respondent can no longer provide the requested relief. Consequently, the Court can no longer consider Petitioner's Petition under Section 2241.

> An incarcerated convict's (or a parolee's) challenge to the validity of his conviction always satisfies the case-or-controversy requirement, because the incarceration (or the restriction imposed by the terms of the parole) constitutes a concrete injury, caused by the conviction and redressable by invalidation of the conviction. Once the convict's sentence has expired, however, some concrete and continuing injury other than the now-ended incarceration or parole - - some "collateral consequence" of the conviction – must exist if the suit is to be maintained.

Spencer v. Kemna, 523 U.S. 1, 7, 118 S.Ct. 978, 983, 140 L.Ed.2d 43 (1998). Accordingly, Petitioner's claims are rendered moot by virtue of her release from custody[3] and the absence of collateral consequences, and therefore, her Section 2241 Petition must be dismissed. See e.g., Alston v. Adams, 178 Fed.Appx. 295, 2006 WL 1194751 (C.A.4 (Va.)); Alvarez v. Conley, 145 Fed.Appx. 428, 2005 WL 2500659 (C.A.4 (W.Va.); Smithhart v. Gutierrez, 2007 WL 2897942 (N.D.W.Va.).

## PROPOSAL AND RECOMMENDATION

Based upon the foregoing, it is therefore respectfully **PROPOSED** that the District Court confirm and accept the foregoing factual findings and legal conclusions and **RECOMMENDED**

---

[3]　The Declaration of Destiny Spearen indicates that Petitioner was released from FPC Alderson to a Residential Reentry Center on December 29, 2020.

that the District Court **GRANT** Respondent's "Motion to Dismiss" (Document No. 11), **DISMISS** Petitioner's Petition for Writ of *Habeas Corpus* by a Person in Federal Custody under 28 U.S.C. § 2241(Document No. 1), and **REMOVE** this matter from the Court's docket.

The Petitioner is hereby notified that this "Proposed Findings and Recommendation" is hereby **FILED**, and a copy will be submitted to the Honorable United States District Judge David A. Faber. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Rule 6(d) and 72(b), Federal Rules of Civil Procedure, the parties shall have fourteen (14) days (filing of objections) and three (3) days (if received by mail) from the date of filing of this Proposed Findings and Recommendation within which to file with the Clerk of this Court specific written objections identifying the portions of the Findings and Recommendation to which objection is made and the basis of such objection. Extension of this time period may be granted for good cause.

Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. Snyder v. Ridenour, 889 F.2d 1363 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140, 106 S. Ct. 466, 88 L. Ed. 2d 435 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208, 104 S. Ct. 2395, 81 L. Ed. 2d 352 (1984). Copies of such objections shall be served on opposing parties, District Judge Faber, and this Magistrate Judge.

The Clerk is requested to send a copy of this Proposed Findings and Recommendation to Petitioner, who is acting *pro se*, and counsel of record.

ENTER: December 15, 2021.



Omar J. Aboulhosn
United States Magistrate Judge